**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

LARA J. M.,

                          Plaintiff,

      -against-                                 5:22-CV-01407 (AMN/ML)

MARTIN J. O'MALLEY,

                          Defendant.

─────────────────────────────────

**APPEARANCES:**                             **OF COUNSEL:**

**LAW OFFICES OF KENNETH HILLER, PLLC**    **JUSTIN M. GOLDSTEIN, ESQ.**
6000 North Bailey Avenue – Suite 1A
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JASON P. PECK, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On December 29, 2022, Plaintiff Lara J. M.[1] commenced this action pursuant to

42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the

─────────────────────────────────

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits ("Complaint").[2]  Dkt. No. 1.[3]

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on December 20, 2023 recommended that the Court[4] deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, and dismiss the Complaint ("Report-Recommendation").  Dkt. No. 19.  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 28.  Plaintiff filed objections on January 3, 2024 and Commissioner filed a response on January 17, 2024.  Dkt. Nos. 20-21.

For the reasons set forth below, the Court rejects each of Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

---

[2] For a complete recitation of the background facts, the reader is referred to the Report-Recommendation, Dkt. No. 19 at 2, 5-7, 11-19.

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, with the exception of citations to the Administrative Record.  All citations to the Administrative Record herein will refer to the pagination noted in bold in the bottom-righthand corner of each page, which begins on page 7 of Dkt. No. 6 ("R.").

[4] This case was reassigned to the undersigned on November 2, 2023.  Dkt. No. 18.

this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29, n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The parties have not raised any objections to the background or the legal framework set forth in the Report-Recommendation.  Dkt. No. 19 at 1-11.  Finding no clear error therein, the Court therefore adopts Magistrate Judge Lovric's summary of the factual and procedural background and applicable law, familiarity with which is presumed for purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein.

Plaintiff raises specific objections to two of the findings in the Report-Recommendation: (i) that the consideration of Plaintiff's diagnosis of fibromyalgia by the administrative law judge ("ALJ") complied with the applicable legal standards and was supported by substantial evidence; and (ii) that the ALJ properly evaluated the medical opinion of Dr. James Tarala.

The essence of Plaintiff's first objection is that her fibromyalgia diagnosis should have resulted in a finding of disability.  *See* Dkt. No. 20 at 1, 5-13.  However, while fibromyalgia is widely recognized as a painful condition, a "mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability," *Rivers v.*

3

*Astrue*, 280 F.App'x 20, 22 (2d Cir. 2008) (summary order); *see also Green-Younger v. Barnhart*, 335 F.3d 99 at 108 (2d Cir. 2003).  Following *de novo* review, the Court finds that the ALJ's decision is supported by substantial evidence and that he properly considered the objective evidence, subjective evidence, and the longitudinal record in assessing the severity of Plaintiff's fibromyalgia symptoms and the resulting limitations.  *See Anysha M. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0271 (CFH), 2020 WL 1955326, at *5 (N.D.N.Y. Apr. 23, 2020) (affirming SSA determination where the ALJ had found fibromyalgia severe and "[r]ather than improperly focusing on positive objective findings to discount Plaintiff's allegations of fibromyalgia and related symptoms, the ALJ's decision indicates a careful consideration of Plaintiff's multiple severe impairments along with the various medical opinions and other evidence of record to determine Plaintiff's supported physical and mental limitations").

As the Report-Recommendation correctly found, the ALJ's decision considered Plaintiff's fibromyalgia at steps two, three, and four of the five-step sequential evaluation process used to determine disability.  Dkt. No. 19 at 6-7, 19-23; *see also* R. 13-19; 20 C.F.R. § 416.920(a)(4).  In fact, the ALJ found that plaintiff's fibromyalgia constituted a "severe impairment" based, in part, on the presence of "18/18 tender points."  R. 13-14.  The ALJ also considered the longitudinal record as shown, for instance, by his reliance upon evidence regarding Plaintiff's physical limitations from 2019, 2020, and 2021.  R. 17-19 (referring to, *inter alia*, R. 83-103, 106-27, 570-71, 1013-14, 1086, 1269-72).  The ALJ also considered both objective and subjective evidence, as demonstrated by his weighing of certain medical evidence as less persuasive in light of other record evidence of Plaintiff's severe physical impairment.  R. 19; *see also* Dkt. No. 19 at 19-23.  Finally, the ALJ's consideration of various physical and mental limitations as part of his step four analysis further evidences the propriety of his determination.  *See Lesanti v. Comm'r of Soc. Sec.*, 436 F.

Supp.3d 639, 649 (W.D.N.Y. 2020) (finding "the fact that the ALJ afforded Plaintiff the benefit of the doubt" and included additional limitations at step four "is not grounds for remand" ); *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record").

As for Plaintiff's second objection, the Court similarly finds that the ALJ properly considered Dr. Tarala's medical opinion.  As an initial matter, while Dr. Tarala's medical opinion generally found greater physical and mental limitations than any other medical opinion, these limitations would not necessarily preclude Plaintiff from working.  R. 1241-43.  Instead, Dr. Tarala opined that Plaintiff could tolerate low stress jobs, an eight-hour workday, and that she was not unable to meet any competitive standard.  *Id.*  While the ALJ did not fully adopt the limitations set forth in Dr. Tarala's opinion, he was not required to do so.  *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (holding that an "ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence"); *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (same).  Upon *de novo* review, the Court is satisfied that the ALJ's decision in this regard complied with the applicable legal requirements and was supported by substantial evidence.  *See, e.g., Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) ("At their most basic, the amended regulations require that the ALJ explain [his] findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'").  As the Report-Recommendation correctly noted, the ALJ satisfied these requirements "by evaluating the physician's own narrative, the broader treatment record, and Plaintiff's activities of daily living against the opined limitations."  Dkt. No. 19 at 22-23; *see also Petrie v. Astrue*, 412

F. App'x 401, 407 (2d Cir. 2011) ("[W]here the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability") (internal citations and quotations omitted).

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 19, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        February 29, 2024
                   Albany, New York

Anne M. Nardacci
U.S. District Judge

6